1
2
3            UNITED STATES DISTRICT COURT
4          WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE
5
6  _____
   GREENWICH INSURANCE COMPANY,        )
7                                        )   Case No.:   2-11-01814 RAJ
              Plaintiff,                 )
8                                        )   **FIRST AMENDED COMPLAINT FOR**
        v.                               )   **DECLARATORY JUDGMENT**
9                                        )
   EASTSIDE BROKERS, INC. DBA RE/MAX     )
10  EASTSIDE BROKERS, INC. & RE/MAX      )
    METRO, and TERRY SUZUKI,             )
11                                        )
              Defendants                 )
12                                        )
        And                              )
13                                        )
    HYUN CHEOL YOON AND MIRA YOON;       )
14  KRA CORPORATION                      )
                                         )
15          Necessary Party Defendants   )
   _____)
16
17
           Plaintiff Greenwich Insurance Company ("Greenwich"), by and through its attorneys, for its
18
19  First Amended Complaint for Declaratory Judgment states as follows:

20                                  **PARTIES**

21      1.      Plaintiff Greenwich is an insurance company incorporated under the laws of

22  Delaware with its principle place of business located in Connecticut.

23      2.      Upon information and belief, Defendant Eastside Brokers, Inc. dba Re/Max Eastside

24  Brokers Inc. & Re/Max Metro is a real estate agency incorporated under the laws of Washington,

25  with its principal place of business located at 11555 SE 8th Street Suite 200, Bellevue, Washington

26
27  98004-6447.

28                                        1

Amended Complaint                        Beth Fruechtenicht Aney (WSBN 34980 )
765796.1                                 Wilson, Elser, Moskowitz, Edelman & Dicker LLP
                                         525 Market Street, 17th Floor
                                         San Francisco, CA  94103
                                         Tel: (415) 433-0990

3.      Upon information and belief, Defendant Terry Suzuki is an individual residing at 30640 Pacific Highway S E-6, Federal Way, WA  98003.

## JURISDICTION AND VENUE

4.      This lawsuit is brought for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, and Federal Rules of Civil Procedure Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

5.      This action is currently ripe for adjudication.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that the controversy is between citizens of different states and the matter in controversy exceeds $75,000 exclusive of interests and costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

## FACTUAL BACKGROUND
### The Underlying Action

8.      On or about August 15, 2011, Hyun Cheol Yoon and Mira Yoon and CRA Corporation filed a cross claim against Terry Suzuki and a third party complaint against Eastside Brokers, Inc. dba RE/MAX Eastside Brokers, Inc. in the lawsuit captioned *Prime Enterprises, LLC v. Lonestar Kitchen, LLC, et. al.,* Case No. 11-2-00153-6, pending in the Superior Court of the Washington in and for the County of Thurston (the "Underlying Action"). (Exhibit A.)

9.      The Yoons allege that in December 2008 and January 2009, they went to Re/Max Realty for the purpose of discussing business listings advertised by Re/Max and Mr. Suzuki.

10.      Mr. Suzuki allegedly recommended that they acquire a restaurant entitled Lone Star, and  also recommended that they change the name and theme to Red Bike Dueling Piano Bar and Restaurant to increase revenues.

2

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990

11.     Additionally, it is alleged that Mr. Suzuki made suggestions on how they could improve the restaurant, including upgrading the business clientele and menu items, along with longer evening hours and live music.

12.     The Yoons allegedly agreed to acquire Lone Star, and on January 19, 2009, purchased it for $435,000, exclusive of inventory.

13.     It is alleged that after the purchase of Lone Star, Mr. Suzuki took over its management and control.

14.     The Yoons allegedly provided Mr. Suzuki with $100,000 to perform certain improvements on the restaurant.

15.     It is alleged that the Yoons subsequently discovered that Mr. Suzuki had diverted the $100,000 for his own use, and did not make the restaurant improvements and upgrades that he had agreed to make.

16.     Further, the Yoons alleged that they discovered that Mr. Suzuki had not accounted for monies earned as revenues for Red Bike and had misrepresented the income stream and expenses of the business at the time that the Yoons were introduced to Lone Star at the Re/Max office.

17.     In October 2009, the Yoons allegedly confronted Mr. Suzuki about their discovery. At that time Mr. Suzuki admitted to irregularities involving the funds belonging to the Yoons.

18.     The Yoons alleged that they subsequently filed a police report with the Seattle Police Department for theft and embezzlement of property.  Mr. Suzuki offered to repay the funds.

19.     It is alleged that Mr. Suzuki requested a purchase of the business, with a temporary short term loan of $60,000 from the Yoons.

20.     The Yoons allegedly agreed to the repayment offer made by Mr. Suzuki, and received a promissory note.

21.     It is alleged that the business was then turned over to Mr. Suzuki.

3

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990

22.     Allegedly, Mr. Suzuki subsequently stopped making rent payments to the Prime Enterprises, LLC or loan payments to Lone Star Kitchen, LLC.

23.     Further, it is alleged that Mr. Suzuki failed to pay the Yoons the $400,000 he was obligated to pay, in addition to his additional obligations.

24.     There are two counts against Mr. Suzuki: Breach of Contract and Money Due and Owing Under a Promissory Note.

25.     The Yoons also allege that Mr. Suzuki worked out of the Insured's office and that the Insured knew or should have known as the broker responsible for Mr. Suzuki that he had been under investigation by the State of Washington and had legal action taken against him previously.

26.     There are two counts against the Eastside Brokers, Inc. dba Re/Max Eastside Brokers, Inc.: Respondent Superior and Consumer Protection Act.

## THE POLICY AND GREENWICH COVERAGE OPINION

27.     Greenwich issued Real Estate Errors & Omissions Policy, Policy Number PEG-9143742-4, for the policy period beginning September 1, 2010 to September 1, 2011 (the "Policy"). The Policy has a $1,000,000 limit of liability per claim and $1,000,000 aggregate limit of liability. Additionally, there is a $10,000 per claim deductible. (Exhibit B.)

28.     The Insuring Agreement of the Policy provides as follows:

> The **Company** will pay on behalf of the Insured **all** sums in excess of the deductible that the **Insured** becomes legally obligated to pay as **damages** and **claims expenses** by reason of an act or omission including **personal injury** in the performance of **real estate services** by the **Insured**, provided that:
>
> 1. the **claim** arising out of the act or omission must first be made against the **Insured** during the **policy period** or any applicable **extended reporting period**;

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990

4

2.  the **claim** must be reported in writing to the **Company** during the **policy period** or within 60 days after the end of the **policy period** unless an **extended reporting period** applies;

3.  such act or omission was committed on or subsequent to the **retroactive date** specified in the Declarations; and

4.  prior to the inception date of this policy, no **Insured** had a basis to believe that such act or omission, or any related act or omission, might reasonably be expected to be the basis of a **claim**.

Except as provided in Section V.D., below, claim expenses are in addition to the limit of liability. The **Company** shall also pay **claim expenses** in connection with such **claim**.

29.   The Policy defines "**Claim**" as:

a demand for money or services naming the **Insured** by reason of an act or omission in the performance of **real estate services**. A claim also includes the service of suit or the institution of an arbitration proceeding against the **Insured**."

30.   The Policy defines "**Real Estate Services**" as:

**Real estate services** means those professional services performed for others in the **Insured's** capacity as a real estate agent, real estate broker, leasing agent, **property manager**, real estate auctioneer, real estate appraiser, real estate consultant or counselor, **short term escrow agent**, **referral agent**, notary public, or member of a real estate accreditation, standards review or similar real estate board or committee. Real estate services shall also include real estate services performed for others by an **Insured** on or via the **Insured's** internet, e-mail, telecommunication or similar system.

31.   The Policy defines **claim** to mean the following:

**Claim** means a demand for money or services naming the **Insured** by reason of an act or omission in the performance of **real estate services**. A claim also includes the service of suit or the institution of an arbitration proceeding against the **Insured**.

32.   The Policy defines **real estate services** to mean the following:

**Real estate services** means those professional services performed for others in the **Insured's** capacity as a real estate agent, real estate broker, leasing agent, **property manager**, real estate auctioneer, real estate appraiser, real estate consultant or counselor, **short term escrow agent**, **referral agent**, notary public, or member of a real estate accreditation, standards review or similar real estate board or committee.

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990

Real estate services shall also include real estate services performed for others by an **Insured** on or via the **Insured's** internet, e-mail, telecommunication or similar system.

33. Exclusion C. of the Policy states as follows:

**C.** based on or arising out of any dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission by the **Insured**; The **Company** will provide the **Insured** with a defense of such **claim** and pay **claim expenses** for any such suit which is brought alleging such dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission as a single allegation in a multiple allegation suit, provided any one allegation is covered under this policy. Criminal proceedings are not covered under this policy regardless of the allegations made against the **Insured**;

34. Exclusion D. of the Policy states as follows:

**D.** based on or arising out of:

1. the conversion, commingling, defalcation, misappropriation or improper use of funds or other property;

2. the gaining of any personal profit or advantage to which the **Insured** is not legally entitled; or

3. the inability or failure to pay, collect or safeguard funds held for others, unless the **insured** is acting in the capacity of a **short term escrow agent**.

35. Exclusion E. of the Policy states as follows:

**E.** based on or arising out of:

1. any promises, warranties, or guarantees made by an Insured as to the future value or future income of any property; or

2. the valuation or performance of a business in conjunction with any property that is sold.

36. **Damages** mean any compensatory sum which the **Insured** is legally obligated to pay as a result of an act or omission including a judgment, award or settlement.

Damages do not include:

**1.** fines, sanctions or penalties;

**2.** punitive, exemplary, or treble damages, unless coverage for such **damages** is permissible under the applicable state law;

**3.** the return, reduction, or restitution of fees, commissions, expenses or costs for **real estate services** performed or to be performed by the **Insured**;

**4.** injunctive or declaratory relief.

6

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990

### COUNT I

**Declaratory Judgment as to Whether Mr. Suzuki Was Performing Real Estate Services on Behalf of Eastside Brokers, Inc. dba Re/Max Eastside Brokers, Inc.**

37.     Plaintiff reasserts and realleges paragraphs 1 through 35 of the Complaint as if set forth fully herein.

38.     Based on the definition of Real Estate Services, the Underlying Litigation does not contain any allegations that Mr. Suzuki or the Named Insured were performing "real estate services," as Mr. Suzuki was acting as a business broker with regard to the alleged transactions.

39.     Based on Wash. Rev. Code Ann.§18.85.11 (2011), "real estate brokerage services" do not include "business opportunity" transactions, and in fact, the statute specifically defines "business opportunity" separately from such services.

40.     Washington case law likewise holds that there is a distinction between a "business broker" and a "real estate broker".

41.     In this regard, there is no coverage, either defense or indemnity for this claim as no "real estate services" are alleged to have occurred in the Underlying Action.

42.     Plaintiff expects a legitimate dispute as to the definition of "Insured" and therefore this action represents an actual case or controversy.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Plaintiffs the following relief:

A.  A judgment declaring that Mr. Suzuki was not performing real estate services on behalf of Eastside Brokers, Inc. dba Re/Max Eastside Brokers, Inc;

B.  Attorneys' fees and costs; and

C.  Any other relief this Court deems appropriate.

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990

## COUNT II

### Declaratory Judgment as to the Application of Exclusion C

43.     Plaintiff reasserts and realleges paragraphs 1 through 53 of the Complaint as if set forth fully herein.

44.     Exclusion C of the Policy bars coverage for, among other things, claims based on or arising out of any dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission by the **Insured.**

45.     The Underlying Action contains numerous allegations of dishonest, intentionally wrongful, and fraudulent acts by Mr. Suzuki.

46.     Therefore, the Underlying Action is precluded from indemnity coverage, because Exclusion C bars coverage for dishonest, intentionally wrongful, fraudulent, criminal or malicious acts.

47.     Plaintiff expects a legitimate dispute as to the applicability of Exclusion C of the Policy to the Underlying Action and therefore this action represents an actual case or controversy.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Plaintiffs the following relief:

A.  A judgment declaring that Exclusion C of the Policy bars indemnity coverage for Mr. Suzuki in the Underlying Action;

B.  Attorneys' fees and costs; and

C.  Any other relief this Court deems appropriate.

## COUNT III

### Declaratory Judgment as to the Application of Exclusion D

48.     Plaintiff reasserts and realleges paragraphs 1 through 53 of the Complaint as if set forth fully herein.

8

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990

49.     Exclusion D of the Policy bars coverage for, among other things, claims based on or arising out of the conversion, commingling, defalcation, misappropriation or improper use of funds or other property or the gaining of any personal profit or advantage to which the **Insured** is not legally entitled.

50.     The Underlying Action alleges that Mr. Suzuki did not make rent payments to the Prime Enterprises, LLC, loan payments to Lone Star Kitchen, LLC, or repay the loan that he borrowed from the Yoons.

51.     Therefore, Mr. Suzuki's actions in the Underlying Action are precluded from coverage, both defense and indemnity, based on Exclusion D, as it bars coverage for coverage for claims based on or arising out of the conversion, commingling, defalcation, misappropriation or improper use of funds or other property or the gaining of any personal profit or advantage to which the **Insured** is not legally entitled.

52.     Plaintiff expects a legitimate dispute as to the applicability of Exclusion D of the Policy to the Underlying Action and therefore this action represents an actual case or controversy.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Plaintiffs the following relief:

A.  A judgment declaring that Exclusion D of the Policy bars both defense and indemnity coverage as to Mr. Suzuki for the Underlying Action;

B.  Attorneys' fees and costs; and

C.  Any other relief this Court deems appropriate.

## COUNT IV

### Declaratory Judgment as to the Application of Exclusion E

53.     Plaintiff reasserts and realleges paragraphs 1 through 35 of the Complaint as if set forth fully herein.

9

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990

54.     Exclusion E of the Policy bars coverage for based on or arising out of any promises, warranties, or guarantees made by an Insured as to the future value or future income of any property; or the valuation or performance of a business in conjunction with any property that is sold.

55.     The Underlying Action alleges that Mr. Suzuki made promises regarding the future value future income of the Red Bike business.

56.     Therefore, the Underlying Action is precluded from coverage, both defense and indemnity, based on Exclusion E.

57.     Plaintiff expects a legitimate dispute as to the applicability of Exclusion E of the Policy to the Underlying Action and therefore this action represents an actual case or controversy.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Plaintiffs the following relief:

A.  A judgment declaring that Exclusion E of the Policy bars both defense and indemnity coverage for Mr. Suzuki in the Underlying Action;

B.  Attorneys' fees and costs; and

C.  Any other relief this Court deems appropriate.

## **COUNT V**

### **Declaratory Judgment as to the Definition of Damages**

58.     Plaintiff reasserts and realleges paragraphs 1 through 35 of the Complaint as if set forth fully herein.

59.     The Policy defines damages as follows:

> **Damages** mean any compensatory sum which the **Insured** is legally obligated to pay as a result of an act or omission including a judgment, award or settlement. Damages do not include:
>
> **1.**  fines, sanctions or penalties;
>
> **2.**  punitive, exemplary, or treble damages, unless coverage for such **damages** is permissible under the applicable state law;

---

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990

**3.**   the return, reduction, or restitution of fees, commissions, expenses or costs for **real estate services** performed or to be performed by the **Insured**;

**4.**   injunctive or declaratory relief.

60.    The Cross- Complaint alleges that Mr. Suzuki failed to pay Mr. and Mrs. Yoon the $400,000 he was obligated to pay under the Corporation Share Purchase Agreement.

61.    Additionally, the Cross- Complaint alleges that Mr. Suzuki failed to pay Mr. and Mrs. Yoon the $60,000 as required under his written promissory note as of February 15, 2010.

62.    These fees are not considered Damages under the Policy as they are not sums which the **Insured** is legally obligated to pay as a result of an act or omission under this Policy.

WHEREFORE, Plaintiff respectfully requests that this Court grant the Plaintiffs the following relief:

A.  A judgment declaring that the damages sought against Mr. Suzuki in the Cross-Complaint in the Underlying Action are not indemnifiable under the Policy;

B.  Attorneys' fees and costs; and

C.  Any other relief this Court deems appropriate

Dated:  November 11, 2011          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                        /s/  Beth Fruechtenicht Aney
                        By: _____
                                BETH FRUECHTENICHT ANEY, ESQ.
                                Attorneys for Plaintiff
                                GREENWICH INSURANCE COMPANY

Amended Complaint
765796.1

Beth Fruechtenicht Aney (WSBN 34980 )
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
525 Market Street, 17th Floor
San Francisco, CA  94103
Tel: (415) 433-0990